[Cite as *State v. Reece*, 2017-Ohio-222.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27081 |
| | : | |
| v. | : | Trial Court Case No. 1991-CR-3223 |
| | : | |
| JIMMIE L. REECE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 20th day of January, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

JIMMIE L. REECE, #A606-808, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Jimmy Lee Reece appeals from the trial court's overruling of his motion to vacate and set aside his conviction and sentence. Finding no error, we affirm.

## I. Background

{¶ 2} In January 1992, Reece was indicted in Ohio on multiple counts of rape and gross sexual imposition. In April 1993, Reece was arrested in Michigan for armed robbery, and the following November, in a Michigan court, he pleaded guilty to the crime and was sentenced to 10-20 years in prison. Four years later, in August 1997, Reece was extradited to Ohio to stand trial for the 1992 charges. On October 17, 1997, Reece appeared in court. The docket does not reveal a written motion concerning speedy trial time, but Reece admits in his brief "[t]he defendant, by and through counsel, did raise on October 17, 1997 that the time to bring this case before the Court had long since passed." Merit Brief of Defendant-Appellant at p.1. Reece pleaded no contest under a plea agreement to one count of rape and one count of gross sexual imposition. (All other counts were dismissed.) Reece was found guilty and sentenced to prison for 5-25 years on the rape charge and for 2 years on the gross-sexual-imposition charge. The two prison terms were to be served concurrent to each other and concurrent to the prison sentence that Reece received in Michigan. Shortly thereafter, Reece was returned to Michigan to continue serving the Michigan sentence. He did not appeal the apparent denial of his speedy trial contention.

{¶ 3} In May 2009, Reece was brought back to this state and continued serving his Ohio sentence.

{¶ 4} Over 13 years after entry of his Ohio convictions, in April 2011, Reece filed a pro se motion to withdraw his no-contest plea, arguing that his speedy-trial right was violated under the Interstate Agreement on Detainers, codified in Ohio at R.C. 2963.30 et

seq., which provides a procedure for prisoners in one state to obtain trial on charges pending in another state. The trial court overruled the motion, finding that Reece failed to submit sufficient evidence to show a violation of the Detainer Agreement or to show that his plea was not made voluntarily, knowingly, and intelligently. Reece did not appeal.

{¶ 5} In July 2015, Reece filed a pro se motion to vacate and set aside his conviction and sentence. He again argued a violation of the Interstate Agreement on Detainers. In addition, he argued a violation of Ohio's speedy-trial statute, R.C. 2945.71. The trial court overruled his motion without a hearing, finding, once again, that Reece failed to submit sufficient evidence to show a violation of the Detainer Agreement and finding no violation of the speedy-trial statute.

{¶ 6} This time Reece appealed.

## II. Analysis

{¶ 7} Reece assigns two errors to the trial court. In the first assignment of error Reece alleges that the court erred by denying his motion to vacate, arguing that he was not brought to trial within the time period established by Ohio's speedy-trial statute. And in the second assignment of error Reece alleges that the trial court erred by not holding an evidentiary hearing before ruling on the motion, arguing that he should have had an opportunity to present additional evidence on his claims under the speedy-trial statute and the Interstate Detainer Agreement.

{¶ 8} Reece's speedy-trial claims stem from the amount of time that elapsed between his indictment in Ohio in 1992 and his extradition and conviction in 1997. Reece could have presented these claims in a direct appeal from his conviction, but he did not. He also raised the same arguments in his 2011 motion to withdraw his plea, which the

trial court overruled three months later, and he did not appeal. He may not now use the same contentions to collaterally attack his conviction. "Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. Reece was represented by counsel. Consequently, his speedy-trial claims are barred by res judicata.

{¶ 9} Even if Reece could raise them, the claims would fail. "The Interstate Agreement on Detainers * * * establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that prisoner to trial. * * * [T]he Detainer Agreement establishes procedures under which a prisoner may initiate his transfer to the receiving State and procedures that ensure protection of the prisoner's speedy trial rights." *Cuyler v. Adams,* 449 U.S. 433, 435, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), fn.1. Under Article III of the Detainer Agreement, a prisoner may initiate his transfer to another state in which charges are pending by "caus[ing] to be delivered to the prison officials where incarcerated, appropriate notice or documentation requesting a disposition of the charges." *State v. Mourey,* 64 Ohio St.3d 482, 597 N.E.2d 101 (1992), at paragraph two of the syllabus, citing R.C. 2963.30, Art. III(a) and (b). Once a prisoner has done this, he must be brought to trial within 180 days. R.C. 2963.30, Art. III(a); *see also Mourey* at paragraph one of the syllabus. In Article IV, the Detainer Agreement provides that the state in which the charges

are pending may also initiate a transfer of the prisoner. R.C. 2963.30, Art. IV(a). With this type of transfer, the prisoner must be brought to trial within 120 days of the prisoner's arrival in the receiving state. R.C. 2963.30, Art. IV(c). When the Detainer Agreement is invoked, its speedy-trial time periods apply rather than those in the speedy-trial statute. *See* R.C. 2945.71(F) (saying that "[t]his section [R.C. 2945.71] shall not be construed to modify in any way * * * sections 2963.30 to 2963.35 of the Revised Code"); *see also State v. Braden*, 197 Ohio App.3d 534, 2011-Ohio-6691, 968 N.E.2d 49, ¶ 23 (11th Dist.) (saying that "if the IAD [Interstate Agreement on Detainers] is properly invoked, those requirements control over the state speedy-trial statute").

{¶ 10} Here, as the trial court found, Reece failed to show that he satisfied the requirements of Article III of the Detainer Agreement. He did not submit any documents showing that he requested a disposition on the Ohio charges. And nothing in the record suggests that Michigan prison officials received any notice from Reece. Consequently, the 180-day speedy-trial period did not apply. Rather, as it appears that Reece's transfer to Ohio was initiated by the Montgomery County prosecutor, the 120-day period in Article IV applied. That period did not begin to run until the middle of August 1997, when Reece arrived in Montgomery County. Well before the applicable time period expired, Reece pleaded no contest and was convicted.

{¶ 11} The assignments of error are overruled.

### III. Conclusion

{¶ 12} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, J., and WELBAUM, J., concur.


Copies mailed to:

Mathias H. Heck
Heather N. Jans
Jimmie L. Reece
Hon. Gregory F. Singer