Harsha, J.
{¶1} After Ryan O. Smith pleaded no contest to multiple felonies, the trial court found him guilty, sentenced him to prison, and ordered restitution. Smith argues that the state violated his statutory right to a speedy trial under the Interstate Agreement on Detainers (IAD).
{¶2} Smith contends that Ohio placed a holder on him on September 29, 2016 while he was in a Texas jail. Thus, he believes the 180-day time period for the speedy trial calculation under the IAD began on January 13, 2017, when the Ross County Prosecutor received his request for disposition of the charges, and expired on July 12, 2017. However, the trial court found Smith was not detained until January 2017, thus his demands prior to that date were irrelevant. Accordingly the court implicitly rejected Smith's contention that the Ross County Sheriff's Office lodged a detainer against Smith in September 2016. Yet, the undisputed facts establish that the Ross County Sheriff's Office lodged a detainer against Smith on September 29, 2016 by telling Texas to hold Smith on the Ross County warrant and Ross County would extradite him. Thus, the trial court should have considered Smith's demands in late 2016 and 2017 to determine if he substantially complied with the IAD and triggered the 180-day time period. We sustain Smith's first assignment of error.
{¶3} Additionally, Smith contends that the state violated his statutory right to a speedy trial when it failed to bring him to trial within 270-days after his arrest and notification of the Ross County charges. He argues that the trial court incorrectly found the general speedy trial statute was inapplicable in this context. However, the trial court ruled correctly, as appellate *303 courts addressing the issue have consistently held that once the IAD has been invoked, its speedy trial periods apply, rather than the provisions of the general speedy trial statute. We reject Smith's second assignment of error.
I. FACTS
{¶4} After the Ross County Grand Jury named Smith in a four-count indictment on September 2, 2016, the Ross County Common Pleas Court issued a warrant for his arrest. On September 29, 2016, Smith was arrested in Brown County, Texas on unrelated theft charges, and Texas authorities became aware of the Ross County warrant. They immediately notified the Ross County Sheriff's Office that Smith was in the Brown County Jail. Ross County Sheriff's Office responded that same day, confirmed that the Ross County warrant was still in effect, requested a "holder" be placed on Smith and stated that it would extradite him.
{¶5} On September 30, 2016, the Texas court issued four separate "Magistrate's Warnings" to Smith that notified him of the four Ross County indictment counts, specifically stating the charges against him (i.e. "You are charged with the offense of Money Laundering a felony"), advised him of his right to counsel, his right to request appointment of counsel if he could not afford counsel, and his right to remain silent. The Texas court set bail at $15,000 for each of the four Ross County counts.
{¶6} Smith remained in the Brown County Jail, eventually pleaded guilty to the Texas charges on December 12, 2016, and received a ten year prison sentence.
{¶7} In the meantime on November 16, 2016 while Smith was in the Texas jail, he wrote to the Ross County Court of Common Pleas to request extradition to Ohio and the prompt resolution of the Ohio charges. Smith wrote two more letters to the Clerk of Courts for Ross County Court of Common Pleas in December 2016 asking to be extradited immediately pursuant to the IAD so that he could address the Ross County charges. On January 6, 2017, Smith wrote a letter to the Ross County Prosecutor and Sheriff requesting extradition and the final disposition under the IAD. They received the letter on January 13, 2017.
{¶8} On January 19, 2017, the Ohio Attorney General wrote to the Texas Department of Criminal Justice seeking a detainer on Smith and informed Texas that Ohio wanted to begin the extradition process. The letter asked that Smith receive IAD forms in order to obtain Smith's extradition waiver. On January 27, 2017, Joni White, the Texas IAD's Administrator, wrote back to the Ohio Attorney General confirming that a detainer had been placed on Smith. On February 1, 2017, White prepared and sent Smith a "Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition."
{¶9} On March 10, 2017, Smith signed the Notice of Untried Indictment form indicating he received it, he signed the Offenders Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints. That same day Smith's trial attorney sent a letter to the Ross County Prosecutor requesting that Smith be served with the indictment. On March 13, 2017, Smith wrote a letter to the Ross County Prosecutor's Office seeking a final disposition. The Prosecutor's Office received that letter on April 13, 2017 and faxed it to the Ohio Attorney General the following day.
{¶10} In late March 2017, White forwarded the forms, which Smith signed on March 10, 2017, to the Ohio Attorney General and the Ross County Clerk of Courts.
*304 The Ross County Clerk of Courts received the forms on April 3, 2017 and the Ohio Attorney General received them on April 10, 2017.
{¶11} Smith was transported from Texas, placed in custody of the Ross County Sheriff's Office, and pleaded not guilty at a June 2017 arraignment.
{¶12} On July 14, 2017, Smith filed a motion to dismiss on the ground that the state violated his speedy trial rights under the IAD by failing to bring him to trial within the 180-day time period. Smith contended that he sent the prosecutor a written request for disposition that was received on January 13, 2017. Therefore the 180-day speedy trial period commenced on January 13, 2017 and expired on July 12, 2017. The state opposed the motion, arguing that the 180-day period was not triggered until the Ohio Attorney General received Smith's official request for disposition form in April 2017.
{¶13} Subsequently Smith filed a second motion to dismiss, claiming the state had violated his speedy trial rights under R.C. 2945.71 and R.C. 2945.72, for failing to bring him to trial within 270 days of his arrest date of September 29, 2016. The state argued the speedy trial provisions in R.C. 2945.71 and R.C. 2945.72 were inapplicable to Smith because the IAD applied exclusively.
{¶14} On October 10, 2017, Smith filed a supplemental memorandum based on discovery the state provided on October 2, 2017, whereby Smith's counsel first learned of the contents of an "NCIC report."[1] The report stated that when Texas contacted the Ross County Sheriff's Office on September 29, 2016, the Ross County Sheriff's Office indicated its warrant was active and advised "please use this as a holder for the subject. We will extradite." Based on this recently provided discovery, Smith argued the state placed a holder on him on September 29, 2016. This conflicted with the state's representations that it did not seek a holder until January 2017. The state did not file a response to Smith's supplemental memo.
{¶15} The day after Smith filed his supplemental memorandum, i.e. October 11, 2017, the trial court denied Smith's first motion to dismiss, finding that a detainer was not lodged against Smith until January 27, 2017. The court concluded, "[A]ny action taken by Defendant prior to January 27, 2017, including his letter to the Ross County Prosecutor and Sheriff, did not trigger the 180-day time period to bring Defendant to trial." It does not appear from the record that the trial court was aware of, or considered, the supplemental filing Smith made the day before the trial court journalized its entry, which did not address Smith's motion to dismiss on state statutory grounds.
{¶16} Shortly after the trial court ruled on Smith's first motion, he filed a motion for reconsideration and again argued that the holder the Ross County Sheriff's Office placed on him on September 29, 2016 was a detainer for purposes of the IAD. Therefore, Smith claimed the January 2017 letters to the Ross County Sheriff and the Ross County Prosecutor were relevant and constituted requests for disposition. The state did not file a response to Smith's motion for reconsideration.
{¶17} On December 14, 2017, the trial court issued two separate entries. First, the trial court denied Smith's second motion *305 to dismiss, which was based on the 270-day speedy trial period of R.C. 2945.71. Although the state stipulated that "on September 29, 2016, the Ross County Sheriff's office advised that they were willing to transport Defendant back to Ohio, and requested that a holder be placed on him" the trial court found that there was a conflict about whether this should be characterized as an arrest. The state characterized it as a re-arrest on a second Texas warrant, while Smith characterized it as an arrest on the Ross County charges. The trial court found:
Due to the conflict, the Court is unable to determine when Defendant was arrested on the Ross County charge. Nevertheless, the Court finds that since Defendant was in prison in another state and was the subject of a detainer placed upon him by the Prosecuting Attorney, O.R.C. 2963.30 [Interstate Agreement on Detainers] is controlling. Having previously ruled that under the Interstate Agreement on Detainers, the 180 days to try Defendant has not lapsed, the Court hereby denies Defendant's Second Motion to Dismiss.
The trial court found that because the 270-day period in R.C. 2945.71 was inapplicable, the arrest date was irrelevant.
{¶18} In a separate entry the trial court denied Smith's motion to reconsider the previous ruling on the first motion to dismiss, which was based on the IAD. Smith had sought reconsideration in light of the new discovery the state provided and reasserted that he had been "detained" on September 29, 2016 when the Ross County Sheriff's office informed Texas the Ohio warrant was active, requested a holder on Smith, and informed Texas it would extradite him. The trial court's previous decision had found that Smith was not detained until January 2017, thus Smith's efforts to seek a disposition of his case prior to January 2017 were not relevant. Smith contended because he was detained in September 2016, his efforts after that date were relevant and his January 2017 letters to the Ross County Prosecutor and Sheriff triggered the 180-day speedy trial period. The trial court denied Smith's motion for reconsideration in a brief entry that did not provide a basis for the ruling.
{¶19} Smith subsequently changed his plea to no contest, the trial court found him guilty and sentenced him accordingly.
II. ASSIGNMENT OF ERROR
{¶20} Smith raises two assignments of error:
1. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT WHEN IT DENIED DEFENDANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.
2. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT WHEN IT DENIED DEFENDANT'S 2ND MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.
III. LAW AND ANALYSIS
A. The 180-Day Speedy Trial Time Under Interstate Agreement on Detainers
1. Standard of Review
{¶21} Appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. James , 4th Dist. Ross No. 13CA3393, 2014-Ohio-1702, 2014 WL 1949588, ¶ 23 ; State v. Brown , 131 Ohio App.3d 387, 391, 722 N.E.2d 594 (4th Dist. 1998). Thus, appellate courts will defer to a trial court's findings of fact as long *306 as competent, credible evidence supports them. Brown , 131 Ohio App.3d at 391, 722 N.E.2d 594. Appellate courts then independently review whether the trial court properly applied the law to the facts. Id. When we review the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. Id. , citing Brecksville v. Cook , 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996).
{¶22} Smith's first motion to dismiss asserts a speedy trial violation under R.C. 2963.30, the Interstate Agreement on Detainers. Smith argues that on September 30, 2016, he received a copy of the indictment and went before a Magistrate in Brown County, Texas, who ordered a bond of $15,000 on the Ross County charges. Smith claimed after that hearing the Ross County trial court had received three requests for disposition in 2016, and that on January 7, 2017 he wrote to the Ross County Prosecutor and the Ross County Sheriff, informing them that he was in the custody of the Brown County, Texas Jail and requesting final disposition of his case. He contended the Ross County officials' receipt of those letters on January 13, 2017, triggered the 180-day speedy trial period.
{¶23} The state responded that Smith's argument was baseless as a matter of law because Ohio had not lodged a detainer at that time. In other words the provisions of the IAD do not apply until a detainer is lodged, which did not occur until January 27, 2017, at the Ohio Attorney General's request. Therefore the state contends any correspondence Smith sent prior to this date was irrelevant. However, the state also acknowledged that "unbeknownst to the state," Smith had been arrested by Texas in September 2016 and the state determined his whereabouts in January 2017 when his inmate information became available on the Texas Department of Criminal Justice website. This filing did not address the Ross County Sheriff's communications with Texas in September 2016, i.e. the September 29, 2016 request to hold him for extradition.[2]
{¶24} On September 27, 2017 before the evidentiary hearing on the first motion to dismiss, the parties filed joint stipulations addressing the documents from the Texas Department of Criminal Justice, Detainers Section. They also made stipulations about the communications between the Ohio Attorney General and Texas's IAD Administrator, beginning with the Ohio Attorney General's January 19, 2017 request for a detainer and communications after that date.
{¶25} Prior to the evidentiary hearing, which the court cancelled, the trial court denied Smith's motion. The entry stated that it was based upon the supporting and opposing memoranda and the joint stipulations. Because the trial court decided the motion without holding the evidentiary hearing, Smith was unable to testify about his various written requests to Texas and *307 Ohio authorities, or otherwise present evidence that he was "detained" under the IAD when the Ross County Sheriff requested a holder on September 29, 2016. Those facts were not part of the September 27 joint stipulation because Smith's counsel did not learn of them until October 2, i.e., he could not have requested a stipulation about it from the state in September. And contrary to the state's assertion, Smith did not stipulate "that the detainer in this case was not lodged by the TDCJ until January 27, 2017." Rather Smith stipulated that the Ohio Attorney General wrote a letter on January 19, 2017 requesting a detainer; the letter was received by the TDCJ on January 24, 2017; and the TDCJ wrote back on January 27, 2017 indicating that they made notifications on their records that the OAG wanted Smith and would be notified before releasing him. This stipulation does not prevent Smith from arguing that, notwithstanding the OAG's subsequent efforts to place a detainer on him, he had already been detained by the Ross County Sheriff in September 2016.
{¶26} The trial court's entry sets forth some factual findings but does not address the September 29, 2016 communications between Brown County, Texas and the Ross County Sheriff's Office, which Smith construes as creating a holder and plans to extradite. Instead the trial court found that a detainer was lodged against Smith on January 27, 2017, based on the Ohio Attorney General's actions, without explicitly addressing whether Smith was already on detainer by virtue of the Ross County Sheriff's September 2016 communication.
{¶27} The trial court did address the letters from Smith that the Ross County Prosecutor and Sheriff received in January 2017: "Defendant asserts he should have been brought to trial on the Ross County charges within 180 days commencing January 13, 2017, the date his letter to the Ross County Prosecuting Attorney and Ross County Sheriff was received (Defendant's Exhibit M)." But the trial court found those letters to be irrelevant: "Any action taken by Defendant prior to January 27, 2017, including his letter to the Ross County Prosecutor and Sheriff, did not trigger the 180-day time period to bring Defendant to trial."
{¶28} The trial court did not address whether the Ross County Sheriff's Office requested a holder on Smith on September 29, 2016. And it did not make a legal determination on whether that "holder" constituted a "detainer" under the IAD. Because the trial court did not address whether Smith was "detained" by a holder on September 29, 2016, the trial court did not make a legal determination on whether the January 13, 2017 letter (combined with Smith's earlier 2016 communications to the trial court) constituted substantial compliance with the statutory requirements under the IAD, thus triggering the 180-day speedy trial period. Rather it found these questions were irrelevant. We disagree and find them central to the issues Smith presents.
{¶29} We conclude that the Ross County Sheriff's Office placed a detainer on Smith on September 29, 2016. The facts concerning the Sheriff's communications with Texas are undisputed; the question as a matter of law is whether the Sheriff's communications constituted a "detainer" under the IAD. The parties stipulated to the contents of the NCIC report which states that on September 29, 2016, the Ross County Sheriff's Office informed Texas that the Ohio warrant was active and advised "please use this as a holder for the subject. We will extradite."
{¶30} The term "detainer" is not defined in the IAD. "A detainer is a request filed by a criminal justice agency *308 with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash , 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985). "[C]omments made by the Council of State Governments, which drafted the Agreement: 'A detainer may be defined as a warrant filed against a person already in custody with the purpose of insuring that he will be available to the authority which has placed the detainer.' ". Id. at 727, 105 S.Ct. 3401, 3407 ; see also State v. Black , 142 Ohio St.3d 332, 2015-Ohio-513, 30 N.E.3d 918, ¶ 5 (acknowledging that the term "detainer" is undefined by the IAD, but at the time the IAD was presented to Congress "detainer" was defined as " 'a notification filed with the institution in which a prisoner is serving a sentence, advising [that he is wanted to face] pending criminal charges in another jurisdiction.' " (Correction sic) ). Thus the Ross County Sheriff's Office placed a detainer on Smith when it notified Texas that Smith had an active warrant in Ohio and asked Texas to hold him for the purposes of extradition.
{¶31} Although we conclude that a detainer was placed on September 29, 2016, we cannot determine whether the state violated Smith's speedy trial right based on the record before us. The evidentiary hearing was cancelled and the record contains insufficient admissible evidence concerning Smith's efforts in late 2016 and early 2017 to determine whether he substantially complied with the statutory requirements of the IAD and triggered the 180-day speedy trial period. The trial court erred in denying the motion to dismiss without full consideration of the issues, we sustain the first assignment of error and remand for further proceedings to determine whether Smith substantially complied with the notification procedures of the IAD, and if so, whether the state failed to comply with its speedy trial requirements.
B. Motion to Dismiss For 270-Day Speedy Trial Violation
{¶32} Smith's second motion to dismiss was based upon a 270-day speedy trial violation under the general speedy trial statute, R.C. 2945.71, et seq. He argued he was arrested by Ross County on September 29, 2016 and under R.C. 2945.71(C), a person against whom a felony is pending shall be brought to trial within 270 days after their arrest, even if it occurs in another state. The state argued that the 270-day period under R.C. 2945.71, et seq., does not apply to Smith because his situation is governed exclusively by the Interstate Agreement on Detainers, R.C. 2963.30, which was triggered in January 2017 when the Ohio Attorney General lodged its detainer.
{¶33} Based upon the representations of counsel in their memoranda, the trial court concluded it could not determine when Smith was arrested on the Ross County charges. But it also concluded that it did not need to make such a determination because the Interstate Agreement on Detainers was controlling: "Nevertheless, the Court finds that since Defendant was in prison in another state and was the subject of a detainer placed upon him by the Prosecuting Attorney, O.R.C. 2963.30 is controlling." Thus, the trial court found that assuming arguendo that Smith was arrested by Ross County on September 29, 2016, the IAD under R.C. 2963.30 applies, rather than the 270-day period in R.C. 2945.71, et seq.
{¶34} Smith contends that the trial court erred in that finding. He argues that a person against whom a felony is pending must be brought to trial within 270 days of *309 their arrest, even if arrested in another state.
{¶35} On appeal the state has abandoned its position that the 270-day speedy trial period in R.C. 2945.71 et seq. is inapplicable. Instead, the state now argues that Smith failed to make a prima facie case that he was not brought to trial within 270-days of his arrest. At the trial court level the state did not address Smith's contention that he was arrested by the Ross County Sheriff on September 29, 2016. Its entire argument was that the 270-day speedy trial period in R.C. 2945. 71 was inapplicable. Now the state argues although R.C. 2945.71 applies, even if Smith received a copy of the Ohio indictment on September 29, 2016, "there is no competent, credible showing that the State acted with the intent to arrest him on that date" or that "the State requested a holder on September 29, 2016 with the intent to arrest him." The state argues that "absent proof of arrest, R.C. 2945.71 et seq. cannot be found to have been triggered on September 29, 2016."
{¶36} Alternatively, the state also argues for the first time that R.C. 2945.72 applies, which allows for a tolling where the prosecution exercises reasonable diligence, and "even if Appellant had met his initial burden and the state speedy trial statute applied, the State exercised reasonable diligence in securing his availability, and the 270-day time period would not have expired." (Emphasis sic.)
{¶37} The state made neither of these arguments at the trial court level and the trial court did not determine whether Smith was arrested on September 29, 2016 because it believed it was irrelevant.
{¶38} Citing several cases to support its conclusion, the trial court determined that the IAD instead of R.C. 2945.71 et seq. applied because Smith was in prison in another state (Texas) and was the subject of a detainer placed upon him by the state. Although the state appears to have abandoned that argument on appeal, our role requires us to determine whether the appellant's assignment of error has merit. Therefore we will address this assignment of error without the benefit of the state's position.
{¶39} R.C. 2945.71(F) provides that "[t]his section shall not be construed to modify in any way section 2941.401 or sections 2963.30 to 2963.35 of the Revised Code." Smith claims that applying R.C. 2945.71 to him does not modify Ohio's enactment of the IAD, R.C. 2963.30. But unlike the trial court's citation of several cases, he cites no cases or other authority in support of his position that even after the IAD was invoked, R.C. 2945.71 et seq. remained applicable.
{¶40} Conversely, courts that have addressed the issue have consistently held that "[w]hen the Detainer Agreement is invoked, its speedy-trial periods apply rather than those in the speedy-trial statute." State v. Reece , 2d Dist. Montgomery No. 27081, 2017-Ohio-222, 2017 WL 275870, ¶ 9, citing R.C. 2945.71(F) ; State v. Braden , 197 Ohio App.3d 534, 2011-Ohio-6691, 968 N.E.2d 49, ¶ 23 (11th Dist.), citing State v. Gall , 11th Dist. Trumbull No. 91-T-4530, 1992 WL 217999 (Feb. 28, 1992) ("if the IAD is properly invoked, those requirements control over the state speedy-trial statute"); State v. Denkins , 1st Dist. Hamilton No. C-030518, 2004-Ohio-1696, 2004 WL 690408, ¶ 7 ("The IAD, not Ohio's speedy-trial statute, controls in this case because Denkins was imprisoned in another state, and because this involved the filing of a detainer"). As in Denkins , Smith was imprisoned in another state (Texas) and a detainer was filed (arguably two detainers were filed here).
*310 {¶41} Based on this case law, which Smith does not directly distinguish or contest, the trial court correctly concluded that R.C. 2945.71 et seq. was inapplicable and properly denied his second motion to dismiss. Consequently, we overrule Smith's second assignment of error.
IV. CONCLUSION
{¶42} We sustain Smith's first assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings, including an evidentiary hearing, on Smith's motion to dismiss based on the IAD. We overrule Smith's second assignment of error and affirm the judgment dismissing his motion to dismiss based on the statutory speedy-trial requirements of R.C. 2945.71 et seq.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART. CAUSE REMANDED.
Abele, J. & McFarland, J.: Concur in Judgment and Opinion.

According to Smith's memorandum, the state provided the "NCIC report" to him but asked Smith's trial counsel not to introduce it into evidence due to its "sensitive nature." As a result, Smith summarized and quoted from the report and the state has stipulated to that summary in its own filings.

It appears from the state's filings that the Ohio Attorney General's Office was initially unaware that the Ross County Sheriff's Office was informed of Smith's arrest and requested a holder of Smith on September 29, 2016. The state filed a response on July 28, 2017 to Smith's first motion to dismiss that represented that "Unbeknownst to the State," Smith was arrested in Texas on September 29, 2016, Smith's inmate information first "became available for review on the TDCJ website" on January 18, 2017, and on January 19 the Ohio Attorney General requested a detainer. However, when the state filed its response on October 2, 2017 to Smith's second motion to dismiss, the state stipulated that Texas had immediately notified Ross County Sheriff's Office of Smith's arrest and Ross County Sheriff's office requested a holder on Smith on September 29, 2016. The state also included the four Magistrate's Warnings as exhibits to its response.