[Cite as *State v. Duncan*, 2018-Ohio-593.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| DERRELL L. DUNCAN | Case No. 17-CA-48 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Municipal
Court, Case No. 12-TRC-7283

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 13, 2018

APPEARANCES:

For Plaintiff-Appellee

BRIAN M. ZETS
DAVID C. MOSER
Isaac Wiles Burkholder & Teetor, LLC
2 Miranova Place, Ste 700
Columbus, Ohio 43215

For Defendant-Appellant

MICHAEL S. PROBST
Probst Law Office, Inc.
1207 Grandview Avenue, Suite 205
Grandview, Ohio 43212

*Hoffman, J.*

{¶1} Defendant-appellant Derrell L. Duncan appeals the March 23, 2017 Judgment Entry entered by the Licking County Municipal Court, which denied his motion to dismiss. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On March 13, 2012, Appellant was arrested and subsequently charged with operating a motor vehicle while intoxicated, in violation of R.C. 4511.19; driving under suspension – license forfeiture, in violation of R.C. 4510.111; and a tail light and illumination of rear license plate offense, in violation of R.C. 4513.05, in Licking County Municipal Court Case No. 12 TRC 2817 ("Case No. 12 TRC 2817"). Appellant appeared for arraignment on March 20, 2012, and entered a plea of not guilty to the charge. The trial court scheduled a bench trial for April 17, 2012. On April 5, 2012, Appellant executed an Affidavit of Indigency and filed a motion requesting the appointment of counsel. The trial court granted Appellant's request and appointed Attorney Adrienne Larimer on April 9, 2012.

{¶3} On April 12, 2012, Appellant filed a demand for discovery, a request for a bill of particulars, and a jury demand. Thereafter, on April 16, 2012, Appellant filed a motion requesting a continuance of the bench trial. The trial court granted the continuance, and scheduled a final pre-trial for June 1, 2012, and a bench trial on June 4, 2012. On May 15, 2012, the state filed a motion to continue due to the unavailability of the prosecutor. The trial court granted the continuance, and scheduled a jury trial for June 18, 2012.

{¶4} The state responded to Appellant's request for discovery on June 7, 2012. On June 15, 2017, the state filed a motion to dismiss after realizing the citation failed to include a punishable offense due to a scrivener's error. The trial court granted the motion, and dismissed the case on June 18, 2012.

{¶5} After an agreement with Appellant's counsel, the state filed a new citation, correctly citing Appellant with OVI, in violation of R.C. 4511.19(A)(1)(a), in Licking Municipal Court Case No. 12 TRC 7283 ("Case No. 12 TRC 7283"). Appellant requested a continuance of his June 27, 2012 arraignment. Appellant failed to appear on the rescheduled arraignment date of July 11, 2012. The trial court issued a bench warrant.

{¶6} Appellant appeared before the trial court over four years later on August 12, 2016, and entered a plea of not guilty. The trial court scheduled the matter for trial on October 17, 2016. Appellant filed a demand for discovery and a motion to continue on October 5, 2016. Appellant filed a waiver of his right to a speedy trial on the same date. The trial court scheduled the matter for November 17, 2016. On October 24, 2016, the state filed a response to Appellant's discovery and a reciprocal demand for discovery. The trial court continued the trial until January 5, 2017.

{¶7} Upon Appellant's motion, the trial court again continued the trial and indicated it would reschedule the matter for a change of plea hearing and sentencing at a future date. On February 10, 2017, Appellant filed a motion for work release. Appellant filed a motion to dismiss on speedy trial grounds on March 1, 2017, which the trial court denied via Judgment Entry filed March 23, 2017.

{¶8} The trial court granted Appellant's request for work release on April 19, 2017. On the same day, the trial court scheduled a change of plea hearing for May 3,

2017. Appellant filed a motion for continuance on May 8, 2017. On June 9, 2017, Appellant appeared before the trial court and changed his original plea of not guilty to a plea of no contest. The trial court accepted Appellant's plea, found him guilty, and sentenced him to 180 days in jail with 170 days suspended. The trial court also suspended Appellant's driver's license for 2 years. Appellant requested a stay of sentence pending his appeal of the March 23, 2017 Judgment Entry. The trial court granted the request and stayed Appellant's sentence pending this Court's disposition of the instant appeal.

{¶9} It is from the March 23, 2017 Judgment Entry Appellant appeals, raising as his sole assignment of error:

I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE CHARGES AGAINST HIM FOR A VIOLATION OF HIS STATUTORY SPEEDY TRIAL RIGHTS UNDER OHIO REVISED CODE SECTION 2945.71 *et seq.*

I

{¶10} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd,* 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978); *State v. Pachay,* 64 Ohio St.2d 218, 219, 416 N.E.2d 589 (1980).

**{¶11}** Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122, 2005 WL 1463255, ¶ 11. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. *Id.* However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

**{¶12}** The most serious offense with which Appellant was charged was a misdemeanor of the first degree. A person charged with a first degree misdemeanor must be brought to trial within 90 days of the date of his arrest or service of summons. R.C. 2945.71(B)(2).

**{¶13}** A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. 2945.71. *State v. Ashbrook*, 5th Dist. Licking No. 06 CA 158, 2007-Ohio-4635, 2007 WL 2582869, ¶ 49, citing *State v. Butcher*, 27 Ohio St.3d 28, 30–31, 500 N.E.2d 1368 (1986). When a defendant has established he was tried outside speedy-trial time limits, the burden shifts to the state to show that the time limit was extended under R.C. 2945.72. *Id.* at ¶ 31. If the state fails to produce evidence in rebuttal under R.C. 2945.72, then discharge pursuant to R.C. 2945.73(B) is required. *Id.* "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits

set forth in R.C. 2945.71." *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

**{¶14}** The time requirements within which an accused must be brought to trial may be tolled by certain events listed in R.C. 2945.72. Specifically, the speedy trial period may be tolled for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" R.C. 2945.72(E). R.C. 2945.72(H) provides the time within which an accused must be brought to trial may be extended by the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion. "[A] demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." *State v. Brown,* 98 Ohio St.3d 121, 781 N.E.2d 159, 2002-Ohio-7040, syllabus.

**{¶15}** Additionally, an accused may waive his rights to a speedy trial, so long as the waiver is knowingly and voluntarily made. *State v. O'Brien*, 34 Ohio St.3d 7, 9, 516 N.E.2d 218 (1987), citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Such a waiver must be in writing or expressly made on the record in open court. *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994), syllabus, citing *O'Brien,* supra, and *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982).

**{¶16}** A time waiver may be limited or unlimited in duration. "[A] waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration." *State v. Kovacek*, 9th Dist. Lorain No. 00CA007713, 2001 WL 577664, *4 (May 30, 2001), citing *O'Brien,* supra, 34 Ohio St.3d 7, 516 N.E.2d 218, at paragraph two of the syllabus. Once an accused has executed an

express, written waiver of unlimited duration, "the accused is not entitled to a discharge for delay in bringing him to trial *unless* the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." *O'Brien,* supra, 34 Ohio St.3d 7, 516 N.E.2d 218 at paragraph two of the syllabus. (Emphasis added.); *State v. Battle*, 5th Dist. Morgan No. 09 AP 0001, 2010-Ohio-4327, 2010 WL 3554870, ¶ 77 , appeal not allowed, 127 Ohio St.3d 1533, 2011-Ohio-376, 940 N.E.2d 987, and cert. denied, 565 U.S. 861, 132 S.Ct. 200, 181 L.Ed.2d 106 (2011).

{¶17} In the instant action, the trial court found the following dates pertinent to its resolution of Appellant's motion to dismiss:

{¶18} **Case No. 12 TRC 2817**

March 13, 2012 – Date of arrest

April 5, 2012 - Request for court-appointed counsel

April 9, 2012 – Request for counsel granted

April 12, 2012 – Defendant's demand for discovery

April 16, 2012 – Defendant files a motion to continue

May 17, 2012 – State's motion to continue due to prosecutor's unavailability

June 18, 2012 – Next trial date after states motion to continue

June 18, 2012 - State's motion to dismiss granted

**{¶19}  Case No. 12 TRC 7283**

June 27, 2012 – Arraignment date; defendant moves to continue the arraignment

July 11, 2012 – Next arraignment date; defendant fails to appear

August 12, 2016 – Defendant appears and enters "not guilty" pleas

October 5, 2016 – Defendant files discovery demand and motion to continue

October 5, 2016 – Defendant files waiver of his right to a speedy trial

**{¶20}**  In his Brief to this Court, Appellant asserts the trial court erred in finding only 26 days counted against his speedy trial time in Case No. 12 TRC 2817.  Appellant submits the trial court's determination the discovery motion he filed as well as the respective motions for continuances filed by both parties tolled a significant period of time was erroneous.  Appellant argues the state should not "benefit" from the tolling of the speedy trial time as it took the state 56 days to respond to his demand for discovery, and the delay was prejudicial.

**{¶21}**  Appellant further maintains the trial court erred in determining only 54 days counted against his speedy trial time in Case No 12 TRC 7283, which represented the number of days between August 12, 2016, the date on which he appeared for arraignment, and October 5, 2016, the date on which he filed a demand for discovery, a motion for continuance of trial, and a waiver of his speedy trial rights.  The trial court concluded a total of 80 days of his speedy trial time had elapsed.  Appellant asserts, once

he filed his motion to dismiss on March 1, 2017, his speedy trial waiver was revoked, and his speedy trial time should have begun to run again. Alternatively, his speedy trial time should have begun to run again once the trial court denied his motion to dismiss on March 23, 2017. Appellant adds the trial court took no action on the matter from March 23, 2017, until April 19, 2017, when it scheduled a plea hearing for May 3, 2017, and those 27 days should be counted against the speedy trial time, for a total of 107 days.

**{¶22}** In order to provide a clear analysis, we will examine the relevant time periods separately.

**{¶23}** The first period is that between Appellant's March 13, 2012 arrest on the original OVI charge and the trial court's June 18, 2012 Entry, dismissing the same without prejudice. The trial court found 26 days attributable to the state in Case No. 12 TRC 2817, apply to the speedy trial calculation in Case No. 12 TRC 7283. At oral arguments in this matter, Appellant agreed with the trial court's determination only 26 days of speedy trial time had accrued against the state.

**{¶24}** The next time period encompasses August 12, 2016, the date on which Appellant was arraigned in Case No. 12 TRC 7283, through October 5, 2016, the date on which Appellant filed a demand for discovery, a motion for continuance, and a waiver of his right to a speedy trial. We find the trial court properly found this period counted against the state, and accurately charged the state with 54 days for speedy trial purposes.

**{¶25}** Time was tolled from October 5, 2016, until March 1, 2017, when Appellant filed his motion to dismiss based upon Appellant's waiver of his speedy trial right. Upon the filing of the motion to dismiss, Appellant's October 5, 2016 speedy trial waiver was revoked. *State v. Battle*, 5th Dist. Morgan No. 09 AP 0001, 2010-Ohio-4327, 2010 WL

3554870, ¶ 79, citing *State v. Masters,* Crawford App. No. 3-06-20, 2007-Ohio-4229, ¶ 26. However, despite the revocation of his time waiver, Appellant's speedy trial time continued to toll. The filing of Appellant's motion to dismiss tolled the speedy trial period from March 1, 2017, until March 23, 2017, the date on which the trial court denied the motion. See, *State v. Szorady,* 9th Dist. No. 02CA008159, 2003-Ohio-2716 (speedy trial time tolled from date defendant filed motion to dismiss to date trial court denied motion).

{¶26} The final time period we must consider is March 23, 2017, the date on which the trial court denied Appellant's motion to dismiss, and April 19, 2017, the date on which the trial court scheduled the change of plea hearing.

{¶27} Following the denial of Appellant's motion to dismiss, the trial court had a reasonable time in which to schedule further action. In its March 23, 2017 Judgment Entry, the trial court noted, "This case shall be set for an oral hearing for the purpose of a change of plea and imposition of sentence on a date and time to be set." *Id.* at 4, unpaginated. As of that date, we agree with the trial court 80 days were chargeable against the state. On April 19, 2017, the trial court issued an order scheduling a change of plea hearing on May 3, 2017. Appellant asserts the 27 days between March 23, 2017, and April 19, 2017, should be charged against the state, which would exceed the 90 days in which the state was required to bring him to trial. We find the delay of less than 30 days after Appellant's revocation of his time waiver was not unreasonable.

{¶28} In its Brief to this Court, the state cites *State v. Bauer,* 61 Ohio St.2d 83, 85, 399 N.E.2d 555 (1980) (per curiam), in support of its position, the 26 days originally calculated against the speedy trial time from Case No. 12 TRC 2817, should not have counted because Appellant waived the protections afforded by R.C. 2945.71 through R.C.

2945.73, by failing to appear for arraignment in Case No. 17 TRC 7283. We find *Bauer* to be factually distinguishable from the instant action.

**{¶29}** In *Bauer*, the Ohio Supreme Court held: "[A] defendant who fails to appear at a scheduled trial, and whose trial must therefore be rescheduled for a later date, waives his right to assert the provisions of R.C. 2945.71 through 2945.73 for that period of time which elapses from his initial arrest to the date he is subsequently rearrested." *Id.* at 85.

**{¶30}** *Bauer, supra,* involved a defendant who failed to appear for his trial which was scheduled for a date within the statutory time period set forth in R.C. 2945.71. *Id.* at 83. The trial court issued a bench warrant for his arrest. *Id.* After the defendant's subsequent apprehension, the trial court rescheduled the trial. *Id.* The defendant filed a motion to discharge under the provisions of R.C. 2945.71, *et seq.,* which the trial court denied. *Id.* The Court of Appeals reversed the judgment of the trial court. *Id.* The Ohio Supreme Court reversed the Court of Appeals. *Id.* In reaching its conclusion, the *Bauer* Court noted, "the proper focus of a court in circumstances such as these is upon the underlying source of the delay." *Id.* at 84.

**{¶31}** *Bauer* did not involve the refiling of a case such as occurred herein. Accordingly, we find the trial court properly charged the state with 26 days from Case No. 12 TRC 2817.

**{¶32}** Based upon the foregoing, Appellant's sole assignment of error is overruled.

**{¶33}** The judgment of the Licking County Municipal Court is affirmed.

By: Hoffman, J.

Wise, John, P.J.  and

Baldwin, J. concur