[Cite as *18-CA-18; 18-CA-31*, 2019-Ohio-686.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 18-CA-18 |
| | : | 18-CA-31 |
| JASON AUSTIN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Case No. 2017 CR 0137 |
| | |
| JUDGMENT: | AFFIRMED |
| | |
| DATE OF JUDGMENT ENTRY: | February 21, 2019 |

APPEARANCES:

For Plaintiff-Appellee:

R. KYLE WITT
FAIRFIELD CO. PROSECUTOR
DARCY T. COOK
239 West Main St., Suite 101
Lancaster, OH 43130

For Defendant-Appellant:

SCOTT P. WOOD
CONRAD/WOOD
120 East Main St., Suite 200
Lancaster, OH 43130

*Delaney, J.*

{¶1} Appellant Jason Austin appeals from the judgment entries of sentence of the Fairfield County Court of Common Pleas, incorporating the trial court's decision to overrule his motion to dismiss. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} According to appellee's bill of particulars, this case arose on January 26, 2017, when appellant knowingly sold or offered to sell methamphetamine, oxycodone, and fentanyl. In a separate incident, on March 12, 2017, appellant inflicted physical harm upon a victim as he stole the victim's vehicle. As he fled in the vehicle, he failed to comply with the order or signal of a police officer.

{¶3} On March 27, 2017, appellant was charged by indictment as follows: Count I, aggravated trafficking in drugs (methamphetamine) pursuant to R.C. 2925.03(A)(1) and R.C. 2925.03(C)(1)(a), a felony of the fourth degree; Count II, aggravated trafficking in drugs (oxycodone) pursuant to R.C. 2925.03(A)(1) and R.C. 2025.03(C)(1)(a), a felony of the fourth degree; Count III, aggravated trafficking in drugs (fentanyl) pursuant to R.C. 2925.03(A)(1) and R.C. 2925.03(C)(1)(a), a felony of the fourth degree; Count IV, robbery pursuant to R.C. 2911.02(A)(2) and R.C. 2911.02(B), a felony of the second degree; and Count V, failure to comply with an order or signal of a police officer pursuant to R.C. 2921.33(B), R.C. 2921.33(C)(5)(a)(ii), and R.C. 2921.33(E), a felony of the third degree.

{¶4} Appellee requested an arrest warrant on the indictment and noted appellant was incarcerated in the Ohio prison system.

{¶5} A notice filed in the trial court on April 5, 2017 notes the matter was scheduled for arraignment and pretrial on May 5, 2017.

{¶6}   On April 6, 2017, defense trial counsel filed motions for evidence in chief, a demand for discovery, a reciprocal discovery response, and a request for a bill of particulars.

{¶7}   On April 11, 2017, appellee filed a motion to convey appellant from the Correctional Reception Center to the Fairfield County Court of Common Pleas.

{¶8}   On April 17, 2017, and April 21, 2017, appellant filed an Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information, or Complaints pursuant to R.C. 2941.401.[1]

{¶9}   On May 2, 2017, appellee filed, e.g., a notice of response to appellant's discovery demand and a bill of particulars.

{¶10} On May 5, 2017, appellant was arraigned and entered pleas of not guilty.

{¶11} On May 22, 2017, the matter was scheduled for jury trial on July 18, 2017.

{¶12} On July 14, 2017, defense trial counsel and appellee jointly moved to continue the jury-trial date.  The joint motion for continuance states in part, "The parties agree that speedy trial is tolled during the period of this continuance as to the pending charges as well as any subsequent, additional charge(s) which may arise from the same set of facts and circumstances as the original charges."

{¶13} On July 21, 2017, the trial court granted the joint motion to continue, rescheduled the jury trial for October 3, 2017, and noted the tolling of speedy-trial time.

---

[1] The request for disposition is signed by appellant and dated April 1, 2017.  The same request was filed twice in the trial court:  April 17 and April 21, 2017.

{¶14} On September 21, 2017, appellant filed a motion for relief from prejudicial joinder asking the trial court to sever trial of Counts I through III (aggravated drug trafficking) from Counts IV and V (robbery and failure to comply).

{¶15} On September 27, 2017, appellant filed a motion to continue the jury trial date of October 3, 2017. Defense trial counsel stated in the motion that appellant recently informed counsel of a claimed alibi, without sufficient time to provide timely notice of alibi or to prepare the alibi witnesses for trial. Appellant also filed the notice of alibi on September 27.

{¶16} On September 29, 2017, the trial court granted appellant's motion to continue and rescheduled the jury trial for November 21, 2017.

{¶17} On November 13, 2017, appellant filed a motion to modify bond and a response to appellee's request for discovery.

{¶18} On November 15, 2017, the trial court scheduled the motion to modify bond for an oral hearing on November 21, 2017.

{¶19} On November 21, 2017, no jury trial took place but an oral hearing on appellant's motions proceeded with appellant present. The trial court denied appellant's motion to modify the bond and granted appellant's motion to sever trial of Counts I through III from Counts IV and V. Appellee indicated it would seek trial of Counts IV and V first, and appellant did not object. During the hearing, the trial court inquired, "How are we on time?" and appellee offered to calculate speedy-trial time, noting appellant had been in the Fairfield County Jail since October 5, 2017, but was held on several other cases in addition to the instant case. The trial court stated the jury trial would likely be rescheduled for early January 2018.

{¶20} On November 22, 2018, a notice was filed indicating a jury trial was scheduled for February 6, 2018.

{¶21} On December 4, 2017, defense trial counsel moved to withdraw from the case, stating appellant retained counsel.

{¶22} On December 5, 2017, the trial court granted (appointed) defense trial counsel's motion to withdraw.

{¶23} On December 29, 2017, new (retained) defense trial counsel entered a notice of appearance, requested a bill of particulars, and filed a demand for discovery.

{¶24} On January 5, 2018, appellant filed a disclosure of evidence and a motion for testimony of appellee's drug analyst.  The trial court granted the latter the same day.

{¶25} On February 1, 2018, appellant filed a motion to dismiss, arguing appellee failed to try him within 180 days of his request for disposition pursuant to R.C. 2941.401. Appellant argued the request was filed on April 17, 2017, therefore appellee was required to try appellant on or before October 17, 2017.

{¶26} On February 6, 2018, the date of a scheduled jury trial, the trial court instead held an oral hearing on the motion to dismiss.  Appellee argued there were numerous tolling events during the period cited by appellant, and appellant responded that the continuances of the jury trial did not effectively toll time because those continuances did not comply with R.C. 2941.401.  The trial court denied the motion to dismiss and appellant waived his right to a speedy trial going forward from February 6, 2018.

{¶27} On February 9, 2018, the jury trial was rescheduled for April 10, 2018.

{¶28} On April 10, 2018, appellant entered pleas of no contest to Counts IV and V, robbery and failure to comply. On May 7, 2018, appellant was sentenced to an aggregate prison term of 5 years upon Counts IV and V.

{¶29} On June 19, 2018, appellant appeared before the trial court and entered pleas of guilty to Counts I through III, aggravated drug trafficking. The trial court sentenced appellant to three consecutive terms of 18 moths each, to be served concurrently with the 5-year term imposed upon Counts IV and V.

{¶30} Appellant now appeals from the judgment entry of sentence of May 10, 2018, incorporating the trial court's decision to overrule his motion to dismiss.

{¶31} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶32} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BASED ON THE STATE'S FAILURE TO BRING APPELLANT TO TRIAL WITHIN THE 180 DAYS SET FORTH IN R.C. 2941.401."

## ANALYSIS

{¶33} In his sole assignment of error, appellant argues the trial court erred in overruling his motion to dismiss for failure to try him within the time limitations of R.C. 2941.401 because the continuances did not comply with the statute. We disagree.

{¶34} Speedy-trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd,* 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational

effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay,* 64 Ohio St.2d 218, 416 N.E.2d 589, syllabus (1980).

{¶35} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy-trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122, ¶ 11. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, ¶ 43, citing *Larkin*, supra. With regard to the legal issues, however, we apply a *de novo* standard of review and thus freely review the trial court's application of the law to the facts. *Id.*

{¶36} When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against appellee. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶ 12.

*Appellant's R.C. 2941.401 argument applies to Counts IV and V*

{¶37} Appellant's speedy-trial claim in the instant case arises pursuant to R.C. 2941.401, which is a specific statute that prevails over the general speedy trial statutes, i.e., R.C. 2945.71 et seq. *Larkin*, supra, 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122 at ¶ 13; see, R.C. 2945.71(F).[2]

---

[2] It is not evident from the record that litigation of the instant case was initiated by appellant's request for disposition pursuant to R.C. 2941.401. The record reveals that an arraignment and pretrial date had already been scheduled; defense trial counsel had been appointed; and defense trial counsel filed motions for evidence in chief, a demand for discovery, a pre-emptive "reciprocal discovery response," and a request for a bill of

{¶38} Appellee asserts the speedy-trial argument applies only to Counts IV and V because appellant entered guilty pleas to Counts I through III, and we agree. Although appellant raised an issue regarding his speedy trial rights under R.C. 2941.401 upon all five counts, his right to challenge whether he received a speedy trial was waived upon entering his guilty plea to Counts I through III. Thus, we find appellant's argument relates only to Counts IV and V. *State v. Hertel*, 5th Dist. Delaware No. 14 CAA 04 0019, 2015-Ohio-1168, ¶ 16, appeal not allowed, 143 Ohio St.3d 1466, 2015-Ohio-3733, 37 N.E.3d 1250; *State v. Ingram*, 2017-Ohio-5685, 93 N.E.3d 1253, ¶ 25 (6th Dist.).

{¶39} Appellant was imprisoned on other charges when the instant case was initiated. R.C. 2941.401 states in pertinent part:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the

---

particulars before the request for disposition was filed. As we address infra, however, we analyze the speedy-trial issue for R.C. 2941.401 purposes beginning April 1, the date appellant initiated his request, rather than April 17, the date that the first request was filed in the trial court.

prisoner or his counsel present, the court may grant any necessary or reasonable continuance. * * * *.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

* * * *.

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

* * * *.

{¶40} The parties do not agree upon the date that the 180-day period began to run. Appellant dated the request for disposition April 1, 2017. The first request pursuant to R.C. 2941.401 was filed with the trial court on April 17, 2017. In his motion to dismiss before the trial court, appellant argued the 180-day period began to run on April 17, 2017. On appeal, he argues time began to run on April 1, 2017.

{¶41} We find time began to run on the date appellant "cause[d] to be delivered * * * written notice of the place of his imprisonment and a request for a final disposition." R.C. 2941.401. We have previously found that the act of giving or sending the written notice and request for disposition to the warden satisfies the "causes to be delivered"

requirement of the statute. *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶ 26. We therefore find the 180-day speedy-trial clock began to run on April 1, 2017, and appellee was required to try appellee on or before September 28, 2017.

*Both motions to continue the jury trial tolled time*

{¶42} On appeal, the parties agree that a number of overlapping tolling events occurred. Appellant's argument is premised upon the two motions to continue the jury trial filed by original defense trial counsel. The first jury trial date was July 18, 2017, within the speedy-trial deadline. The parties jointly moved to continue the trial date and agreed that time was tolled; the trial court continued the trial to October 3, 2017, and noted in the entry time was tolled.

{¶43} On September 21, 2017, appellant moved to continue the trial date of October 3, 2017. The trial court granted the motion and rescheduled the trial for November 21, 2017.

{¶44} The sole issue raised by appellant is whether the two motions to continue effectively tolled the 180-day speedy-trial time limitation. Appellant concedes he does not challenge whether "good cause" existed for both continuances, but argues the procedure for continuances outlined in R.C. 2941.401 was not followed, therefore time was not tolled. Appellant therefore implicitly concedes that the additional tolling events found by the trial court are applicable. (T. February 6, 2018, 12-17.) Appellant explicitly waived time from February 6, 2017 forward.

{¶45} The narrow issue before us, therefore, is the effect of the July 14, 2017 joint motion to continue and appellant's September 27, 2017 motion to continue.

{¶46} R.C. 2945.72 lists a number of factors that permissibly extend speedy-trial time relative to the general speedy-trial statute, R.C. 2945.71. We have previously found that the factors set forth in R.C. 2945.72 for tolling time are applicable to R.C. 2941.401. *Colon*, supra, 2010-Ohio-2326 at ¶ 27, citing *State v. Nero*, 4th Dist. Athens No. 1392, unreported, 1990 WL 42269 at fn. 1 (Apr. 4, 1990); *State v. Smith,* 140 Ohio App.3d 81, 746 N.E.2d 678, 2000-Ohio-1777 at fn. 1 (3rd Dist.); *State v. Skorvanek,* 9th Dist. Lorain No. 08CA009400, 2010-Ohio-1079; *State v. Murphy*, 12th Dist. Clinton No. 2006-02-005, 2007-Ohio-2068 at ¶ 15, citing *State v. Shepherd,* 11th Dist. Ashtabula No. 2003-A-0028, 2006-Ohio-4315, at ¶ 50; *State v. Ray,* 2d Dist. Greene No.2004-CA-64, 2005-Ohio-2771, at ¶ 30; *State v. Roberts a.k.a. Brown,* 6th Dist. Wood No. WD-04-028, 2004-Ohio-5509, at ¶ 11. Pertinent here, R.C. 2945.72(H) states: "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * * * [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

{¶47} We find that the joint motion to continue of July 4, 2017 tolled speedy-trial time. A joint motion for continuance tolls a defendant's speedy trial time. *State v. Hill*, 5th Dist. Licking No. 09 CA 28, 2009-Ohio-4283, n.2, citing *State v. Brown,* 7th Dist. Mahoning No. 03-MA-32, 2005-Ohio-2939, ¶ 44. The record indicates the parties agreed time was tolled and the trial court noted tolling of time in the entry.

{¶48} We also find that appellant's motion to continue of September 21, 2017, was a tolling event. Appellant argues the language of R.C. 2941.401 requires a continuance to be granted in open court with the prisoner or his counsel present, but

"courts have consistently tolled the speedy-trial period for those reasons contained in R.C. 2945.72 when made by *the defendant's own motion* even if the request was not sought or granted in open court with the presence of the defendant or his or her counsel." (Emphasis in original).   *State v. Shepherd*, supra, 11th Dist. Ashtabula No. 2003-A-0031, 2004-Ohio-5306, ¶ 14, citing *State v. Pesci,* 11th Dist. Lake No. 2001-L-026, 2002-Ohio-7131, at ¶ 40; *State v. Curry*, 4th Dist. Scioto No. 95CA2339, unreported, 1997 WL 600056, *11-*12 (Sept. 30, 1997); *State v. Judd*, 10th Dist. Franklin No. 96APA03-330, unreported, 1996 WL 532180, at *11-*12 (Sept. 19, 1996); *State v. Doane,* 8th Dist. Cuyahoga No. 60097, unreported, 1992 WL 161142, *8; *State v. Logan*, 71 Ohio App.3d 292, 297-298, 593 N.E.2d 395 (10th Dist.1991).

{¶49} We conclude the July 14, 2017 joint motion to continue tolled time until October 3, 2017, and that appellant's motion to continue of September 27, 2017 tolled time until November 21, 2017.

*No violation of R.C. 2941.401 time limitations*

{¶50} We therefore calculate time chargeable to each party pursuant to R.C. 2941.401 as follows.

{¶51} Appellant's R.C. 2941.401 request for disposition on April 1, 2017 to his demand for discovery on April 6, 2017 is **5 days** and is chargeable to appellee. Appellant's discovery request tolled time until appellee's response on May 2, 2017.  *State v. Duncan*, 5th Dist. No. 17-CA-48, 2018-Ohio-593, 106 N.E.3d 267, ¶ 24 (5th Dist.).

{¶52} The time period from appellee's discovery response on May 2, 2017 to the parties' joint motion to continue on July 14, 2017 is **73 days** and is chargeable to appellee.

{¶53} The parties' joint motion to continue tolled the speedy-trial clock as determined supra, and the time period from July 14, 2017 to September 27, 2017 is chargeable to appellant.  On September 27, 2017, appellant filed a motion to continue the October 3 trial date; the trial court granted the continuance and tolled time until the rescheduled trial date of November 21, 2017.  This period of time is also charged to appellant as determined supra.

{¶54} On November 21, 2017, the trial court held an oral hearing instead of a jury trial.  The hearing addressed two pending motions filed by appellant: a motion to reduce bond and a motion to sever Counts I through III from Counts IV and V.  The trial court denied the former and granted the latter, but also specifically raised the issue of speedy trial and asked appellee to calculate time.  We note the record is silent as to the outcome.

{¶55} On November 22, 2017, the jury trial was rescheduled for February 6, 2018.

{¶56} On December 4, 2017, defense trial counsel filed a motion to withdraw.  We charge the time period from November 21, 2017 to December 4, 2017 to appellee: **13 days**.

{¶57} The time period from withdrawal of defense trial counsel to appointment of new counsel on December 29, 2017 is chargeable to appellant.  *State v. Powell*, 5th Dist. Guernsey No. 01CA28, 2002-Ohio-1125, 2002 WL 392485, *2.  Also on December 29, 2017, new defense trial counsel filed a discovery demand and request for bill of particulars, which appellee answered on January 4, 2018.  This time is chargeable to appellant.  *Duncan*, supra, 2018-Ohio-593, 106 N.E.3d 267, ¶ 24 (5th Dist.).

{¶58} On February 1, 2018, appellant filed a motion to dismiss.  The time from January 4, 2018 until February 1, 2018 is chargeable to appellee: **28 days**.  The trial court

held a hearing on the motion to dismiss on February 6, 2018, and appellant waived time going forward.

{¶59} We therefore assess a total of 119 days to appellee, but our analysis does not end here. Several additional issues must be addressed regarding computation of time in this case.

{¶60} R.C. 2941.401 controls the speedy trial rights of a defendant who is in prison. *State v. Smith*, 140 Ohio App.3d 81, 86, 2000-Ohio-1777, 746 N.E.2d 678 (3rd Dist.). The record indicates appellant was in prison until October 5, 2017, when he was brought to the Fairfield County Jail. The trial court noted appellant was held on the charges in the instant case and upon cases in municipal court. Appellee argues that as of October 5, 2017, appellant was no longer subject to the 180-day time requirement of R.C. 2941.401 and was instead subject to the general time requirement of R.C. 2945.71(C)(2). We agree that the time limitation of R.C. 2941.401, by the plain language of the statute, applied to appellant only while he was in prison.

{¶61} We further note that pursuant to R.C. 2945.71(E), for purposes of computing time under division (C)(2), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Appellant does not argue he was entitled to triple-count any of these days, and he did not argue for a triple-count before the trial court. Generally the triple-count provision of R.C. 2945.71(E) applies only if the accused is being held without bail solely on the pending charge. If the accused is being held for more than one charge, then the triple-count provisions do not apply, and the state has the full 270 days to bring the accused to trial on the subject

charge. *State v. Chapman*, 8th Dist. Cuyahoga No. 73609, 2003-Ohio-4163, ¶ 8, citing *State v. Thieshen*, 55 Ohio App.2d 99, 103, 379 N.E.2d 622 (3rd Dist.1977).

{¶62} It is not evident from the record at what point, if ever, appellant's municipal-court charges were resolved. It is therefore not clear that appellant was ever held without bail "solely on the pending charge(s)" in the instant case. The question of application of a triple-count would apply only to the time periods from November 21, 2017 to December 4, 2017, and from January 4, 2018 until February 1, 2018, which we found to be chargeable to appellee. At that point, though, appellant was no longer subject to the 180-day time limitation of R.C. 2941.401. We therefore conclude that, construing all applicable statutes in appellant's favor, appellee could be charged with 39 days and 84 days, respectively, for those periods.

{¶63} The total days chargeable before the explicit time waiver on February 1, is still only 201 days, which is within the general speedy-trial time limitation of R.C. 2945.71(C)(2).

{¶64} We conclude appellant's speedy-trial right pursuant to R.C. 2941.401 was not violated. The trial court therefore did not err in overruling the motion to dismiss and appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶65} Appellant's sole assignment of error is overruled and the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.