OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner, Steven A. Coleman, has filed a petition for writ of habeas corpus with this Court. Petitioner asserts that he entered a guilty plea to charges of aggravated robbery, domestic violence and grand theft in the Harrison County Court of Common Pleas. Petitioner was sentenced to six years in prison. He asserts that he began serving his sentence on January 23, 2003. He is now incarcerated in Noble County. Petitioner asserts that he is being held unlawfully because the statutory speedy trial try-by date has passed prior to the time he entered into his plea bargain. Respondent is correct that speedy trial issues must be addressed on direct appeal rather than through extraordinary habeas proceedings. Therefore, this petition for writ of habeas corpus is hereby dismissed.
 {¶ 2} Petitioner has satisfied the requirements for filing a habeas petition as set forth in R.C. §§ 2725.04 and 2969.25(A).
 {¶ 3} In order for a prisoner to be entitled to a writ of habeas corpus, he must be able to prove he or she is being held by virtue of a judgment that was beyond the scope of the jurisdiction of the court that entered the judgment. R.C. § 2725.05; see Wireman v. Ohio Adult ParoleAuth. (1988), 38 Ohio St.3d 322, 528 N.E.2d 173. The writ must be denied where the inmate is not challenging the jurisdiction of the sentencing court. Id. Habeas relief is not a substitute for a direct appeal, and issues that could have been raised during direct appeal are generally waived for purposes of habeas proceedings. In re Piazza (1966),7 Ohio St.2d 102, 103, 218 N.E.2d 459.
 {¶ 4} Petitioner is raising a speedy trial issue. The Sixth andFourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. Klopfer v.N. Carolina (1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 18 L.Ed.2d 1. Section 10, Article I of the Ohio Constitution also provides for a speedy public trial. State v. Ladd (1978), 56 Ohio St.2d 197, 200, 10 0.0.3d 363, 383 N.E.2d 579. Statutory speedy trial rights are found in R.C. §§ 2945.71 to 2945.73.
 {¶ 5} Petitioner contends that he could not have raised the speedy trial issue on direct appeal because the trial court, and by extension, any reviewing court, lacked jurisdiction once the speedy trial error occurred. Petitioner is mistaken. Speedy trial issues are regularly reviewed on direct appeal, and that is where such errors must be reviewed. Travis v. Bagley (2001), 92 Ohio St.3d 322, 323,750 N.E.2d 166. Furthermore, Appellant acknowledges that he entered a guilty plea to the charges that form the basis for his incarceration, and a guilty plea waives the defendant's ability to challenge speedy trial errors on appeal as well as in habeas proceedings. Montpelier v. Greeno (1986),25 Ohio St.3d 170, 495 N.E.2d 581.
 {¶ 6} Petitioner has raised an issue that cannot be resolved in habeas proceedings, and therefore, the petition for writ of habeas corpus is dismissed.
Waite, J., concurs.
Vukovich, J., concurs.
DeGenaro, P.J., concurs.