[Cite as *State v. Mitchell*, 2012-Ohio-2107.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| STATE OF OHIO | | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24743 |
| | | |
| vs. | : | T.C. CASE NO. 2008-CR-623/1 |
| | | |
| | : | (Criminal Appeal From |
| KENNETH MITCHELL | | Common Pleas Court) |
| Defendant-Appellant | : | |

. . . . . . . . .

# O P I N I O N

Rendered on the 11th day of May, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Kirsten A. Brandt, Atty. Reg. No. 0070162, Montgomery County Prosecutor's Office, P.O. Box 972, 301 West Third Street, Dayton, OH 45422

   Attorneys for Plaintiff-Appellee

Tara C. Dancing, Atty. Reg. No. 0077277, 1158 Kauffman Avenue, Fairborn, OH 45324

   Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1}  Defendant, Kenneth Mitchell, appeals from his conviction for possession of less than one gram of crack cocaine, R.C. 2925.11(A), which was entered on Defendant's plea of no contest following the trial court's denial of Defendant's motion to dismiss the charge against him for a violation of his speedy trial rights.

{¶ 2}　On March 17, 2008, Defendant was charged by indictment in Montgomery County with committing a violation of R.C. 2925.11(A) on or about February 4, 2008. No warrant for Defendant's arrest was issued. From that, we infer that Defendant was arrested on the date he allegedly committed the offense with which he was charged, February 4, 2008.

{¶ 3}　Defendant entered a not guilty plea to the drug charge and was released on his own recognizance. On July 10, 2008, Defendant failed to appear for a pretrial conference as ordered. A warrant for his arrest issued.

{¶ 4}　Defendant failed to appear because he had been arrested and incarcerated in Indiana on forgery charges. On November 25, 2008, counsel for Defendant presented a request to the prosecutor in Montgomery County, pursuant to R.C. 2963.30, for final disposition of the drug offense charge. The prosecutor took no action on that request.

{¶ 5}　Defendant was released from incarceration in Indiana in December of 2010, and was rearrested in Ohio on the Montgomery County warrant in early January of 2011. Defendant was released on his own recognizance on January 11, 2011.

{¶ 6}　On January 13, 2011, Defendant moved for a discharge pursuant to R.C. 2945.73(A) for violation of his speedy trial rights in two respects. First, because the prosecutor had failed to bring Defendant to trial within one hundred and eighty days after Defendant's November 25, 2008 request for final disposition of the charges against him. R.C. 2963.30. Second, because Defendant had not been brought to trial on those charges within two hundred and seventy days following his arrest. R.C. 2945.71(C)(2).

{¶ 7}　On February 10, 2011, the trial court journalized its Entry Overruling Motion To Dismiss, which states, in its entirety: "This matter came before the Court upon Defendant's motion to dismiss filed on January 13, 2011. After careful consideration, and for

the reasons announced in Court on February 1, 2011, the Court finds the Motion is not well taken and such is hereby overruled."

{¶ 8} On May 20, 2011, Defendant entered a no contest plea to the drug charge and was convicted on his plea. The court imposed a five-year term of community control, a $2500 fine, and a suspension of Defendant's operator's license. Defendant filed a notice of appeal from his judgment of conviction.

{¶ 9} Assignment of Error:

{¶ 10} "THE TRIAL COURT ERRED IN NOT DISMISSING THE INDICTMENT FOR VIOLATION OF KENNETH MITCHELL'S CONSTITUTIONAL AND STATUTORY SPEEDY TRIAL RIGHTS."

{¶ 11} Defendant argues that his right to a speedy trial was violated by the State's failure to bring him to trial within 180 days of the date he delivered a request for final disposition to the prosecutor and the court pursuant to R.C. 2963.30 and/or within 270 days of the date of his arrest pursuant to R.C. 2945.71(C). We will address these two sections in turn.

{¶ 12} The Interstate Agreement on Detainers ("IAD") is codified at R.C. 2963.30. The purpose of the IAD is to facilitate the speedy disposition of charges pending against a person who is incarcerated in another state. R.C. 2963.30, Article I. The IAD sets forth a procedure by which a prisoner may demand the speedy disposition of charges pending against him in another member jurisdiction. Section (a) of Article III of the IAD provides, in part:

> Whenever a person has entered upon a term of imprisonment in a penal
> or correctional institution of a party state, and whenever during the continuance
> of the term of imprisonment there is pending in any other party state any

untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint * * *

.

{¶ 13} The provisions of the IAD are triggered only when a detainer is filed with the institution in which the prisoner is currently incarcerated. *United States v. Mauro*, 436 U.S. 340, 343, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978); *State v. Luna*, 2d Dist. Montgomery No. 16426, 1997 WL 630029 (Sept. 30, 1997). A "detainer" is "a request filed by a criminal-justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 19, quoting *Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

{¶ 14} The State argues that the IAD does not apply to Defendant because a detainer was never issued against him. In its opposition to Defendant's motion to dismiss, the State explained why it did not issue a detainer against Defendant:

The State of Ohio, during this time, did not place a detainer on the defendant as the extradition radius on the issued warrant was LEADS. As this Court is well aware, the extradition radius on the capias that was issued was based on the felony level and therefore, the extradition radius was LEADS,

meaning the defendant could be picked up anywhere within the State of Ohio by any law enforcement officer, but the radius of this capias did not extend to Adjacent States.

(Dkt. 29.)

{¶ 15} On appeal, Defendant fails to point to any evidence in the record that a detainer was in fact issued against him. Absent evidence that a detainer was issued against Defendant, the IAD does not apply in this case. Consequently, there is no basis in the record for us to conclude that the trial court erred in overruling Defendant's motion to dismiss for the State's failure to comply with the 180-day requirement of the IAD.

{¶ 16} Although the IAD does not apply to Defendant, R.C. 2945.71(C)(2) nevertheless provides that a person who is charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." The statutory speedy trial provisions are mandatory and must be strictly complied with by the trial court. *State v. Singer*, 50 Ohio St.2d 103, 362 N.E.2d 1216 (1977). If the speedy trial time limits of R.C. 2945.71 and 2945.72 are exceeded, a person charged with an offense must be discharged. R.C. 2945.73.

{¶ 17} An accused presents a prima facie case for discharge due to a speedy trial violation by demonstrating that his case was pending for a time exceeding the statutory limits in R.C. 2945.71. *State v. Butcher*, 27 Ohio St.2d 28, 31, 500 N.E.2d 1368 (1986). "[W]hen a criminal defendant shows that he had not been brought to trial within the proper time period, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute." *State v. Maisch*, 173 Ohio App.3d 724, 2007-Ohio-6230, 880 N.E.2d 153, ¶ 24 (3d Dist.).

{¶ 18} The State argues that Defendant's speedy trial time was tolled pursuant to R.C. 2945.72(A), which provides that the time within an accused must be brought to trial may be extended by:

[a]ny period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability[.]

{¶ 19} More than two hundred and seventy days had passed since Defendant's arrest on February 4, 2008 and the R.C. 2945.73 motion for discharge Defendant filed on January 13, 2011. However, by our calculation, fewer than two hundred and seventy speedy trial days had then passed if Defendant's speedy trial time was tolled while he was incarcerated in Indiana. The fact that the trial court overruled Defendant's motion to dismiss suggests that the trial court found that the State exercised reasonable diligence in securing Defendant's availability while he was incarcerated in Indiana. R.C. 2945.72(A).

{¶ 20} In its February 20, 2011 entry overruling Defendant's motion to dismiss, the trial court stated, in part: "After careful consideration, and for the reasons announced in Court on February 1, 2011, the Court finds the Motion is not well taken and such is hereby overruled." The record before us does not contain a transcript of the February 1, 2011 hearing referenced in the trial court's February 20, 2011 entry.

{¶ 21} It is the obligation of the appellant to file a transcript of the proceedings which the appellant considers necessary for inclusion in the record on appeal. App.R. 9(B)(1). The Supreme Court has explained the effect of an appellant's failure to provide the appellate court

with a transcript.  In *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), the Court stated:

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * *  When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

{¶ 22} Without a transcript of the February 1, 2011 hearing on Defendant's motion to dismiss, we are unable to know what evidence was presented to the trial court and on what basis the trial court found that the State had exercised reasonable diligence to secure Defendant's availability for trial while he was incarcerated in Indiana, tolling his speedy trial time during that period.  R.C. 2945.72(A).  Therefore, we cannot find that the trial court erred in overruling Defendant's motion to dismiss.

{¶ 23} The assignment of error is overruled.  The judgment of the trial court will be affirmed.

FAIN, J., And DONOVAN, J., concur.

Copies mailed to:

Kirsten A. Brandt, Esq.
Tara C. Dancing, Esq.
Hon. Gregory F. Singer