[Cite as *State v. Gentile*, 2025-Ohio-3267.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DEANA GENTILE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0009

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 23 CR 260

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor and *Atty. Jacob A. Manning*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Mary Adeline R. Lewis*, for Defendant-Appellant

Dated: September 9, 2025

_____

**WAITE, J.**

**{¶1}** Appellant Deana Gentile appeals a February 11, 2025, judgment entry of the Belmont County Court of Common Pleas convicting her on one count of assault following her guilty plea. Appellant raises a constitutional challenge, arguing that she was not brought to trial in accordance with the speedy trial provisions. For the reasons that follow, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** In an unrelated matter, on July 7, 2023, the Jefferson County Common Pleas Court sentenced Appellant to one year of incarceration after Appellant pleaded guilty to possession of cocaine. On April 28, 2023, prior to sentencing in the Jefferson County criminal conviction, Appellant visited a facility called "Barkcamp," where she stayed in a cabin. (Sentencing Hrg., p. 5.) While there are conflicting stories, in her Presentence Investigation Report ("PSI") it was reported that Appellant and a male friend were staying in the cabin. Appellant sought to extend their stay, but did not have any money. After Appellant acted erratically in conversations with the staff, a park ranger was called to the scene. Appellant spoke to the ranger, but provided the ranger with a fake name. At some point, Appellant went back to the cabin. After some investigation, the ranger knocked on the door to the cabin, but could not locate her. Eventually she was found at a nearby outhouse. At that point, an altercation ensued where Appellant was "swinging and flailing and hit the ranger." (Sentencing Hrg., p. 7.)

**{¶3}** As a result, on May 5, 2023, Appellant was indicted on one count of aggravated possession of drugs, a felony of the fifth degree in violation of R.C.

2903.13(A), (C)(5)(a), and one count of assault, a felony of the fourth degree in violation of R.C. 2925.11(A), (C)(1)(a). By this time, however, Appellant was incarcerated due to her Jefferson County conviction.

{¶4} An arraignment on the instant matter was scheduled for July 24, 2023. Because Appellant was incarcerated, she could not attend. On August 28, 2023, Appellant filed an "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaint." The court rescheduled her arraignment for September 26, 2023. However, due to a communication error between the trial court and the Department of Corrections, Appellant was again unable to attend. On October 11, 2023, the indictment was dismissed after a Grand Jury returned an indictment on the identical charges. Thereafter, some discovery issues arose from Appellant's counsel filing discovery requests and Appellant's failure to respond to reciprocal requests made by the state.

{¶5} On March 25, 2024, Appellant orally moved to dismiss the matter based on speedy trial provisions. Appellant filed a written motion on April 12, 2024. Appellant was released from incarceration on her Jefferson County conviction on May 8, 2024. On May 13, 2024, the court held a hearing on her motion to dismiss based on speedy trial grounds, which Appellant attended in person. On May 28, 2024, the court denied the motion to dismiss.

{¶6} On July 29, 2024, Appellant pleaded guilty to assault and the accompanying drug charge was dismissed. Appellant remained on bond pending the sentencing hearing, scheduled for August 26, 2024. However, she failed to appear for sentencing and was not apprehended until December of 2024. On February 11, 2025, the trial court

imposed a one-year sentence with credit for fifty-three days served. It is from this entry that Appellant timely appeals.

{¶7} After her notice of appeal was filed in this matter, some delay occurred attributable to Appellant. On April 14, 2025, this Court issued an entry informing Appellant that her brief was delinquent and gave her until May 2, 2025 to file a brief or the matter would be dismissed. Appellant did not file a brief until May 8, 2025, without an accompanying motion for leave. However, we accepted her untimely brief.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY FAILING TO DISCHARGE APPELLANT FROM PROSECUTION BECAUSE THE STATE VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶8} Appellant concedes that a criminal defendant generally waives the right to most constitutional challenges when pleading guilty. However, Appellant claims that the Ohio Supreme Court has created an exception when a defendant seeks to challenge a constitutional violation of speedy trial rights based in part on *Barker v. Wingo,* 407 U.S. 514 (1972).

{¶9} Before engaging in a *Barker* analysis, we must determine whether Appellant waived her right to challenge an alleged speedy trial violation due to her guilty plea. Appellant contends the Ohio Supreme Court created an exception to the general rule of waiver in *State v. King,* 184 Ohio App.3d 226 (8th Dist. 2009). However, as can be seen by the citation alone, *King* was not decided by the Ohio Supreme Court. Instead, the

case was decided by the Eighth District. This error was caused by a line within *King* stating: "[t]hat being said, the Ohio Supreme Court has held that a defendant who enters a guilty plea does not waive her constitutional right to a speedy trial." *Id.* at ¶ 10, citing *State v. Branch*, 9 Ohio App.3d 160, 162 (8th Dist. 1983). However, *Branch* clearly was not a Supreme Court case, either. *Branch* was also an Eighth District case. Although the citation to *Branch* should have alerted the Eighth District, the *King* court clearly erred in claiming that the Ohio Supreme Court had decided this issue.

{¶10} As noted by the state, this Court has weighed in on the issue on multiple occasions, each time finding that a guilty plea waives a challenge to a speedy trial violation. Twenty-four years after the Eighth District's Opinion in *King,* we decided the issue in *Coleman v. Wolfe,* 2007-Ohio-357 (7th Dist.). We note that *Coleman* involved a habeas corpus petition, and it is unclear whether the defendant asserted a statutory or constitutional challenge to a speedy trial violation.

{¶11} The *Coleman* Court relied on *Montpelier v. Greeno,* 25 Ohio St.3d 170 (1986). *Montpelier* held that a guilty plea waived a challenge to a statutory speedy trial claim. We again addressed the issue later that same year in *State v. Smith,* 2007-Ohio-6913 (7th Dist.). In *Smith,* we stated "[t]his court has held that a guilty plea waives an offender's right to raise both statutory and constitutional speedy trial claims. *Coleman v. Wolfe*, 7th Dist. No. 06 NO 334, 2007-Ohio-0357." *Id.* at ¶ 10. Thus, we view the issue differently than the Eighth District, which erroneously relied on its own earlier decision, attributing it to the Ohio Supreme Court.

{¶12} In an unrelated case also involving a defendant named King, the Ohio Supreme Court has explained:

It is well-settled law that an accused may waive his constitutional right to a speedy trial provided that such a waiver is knowingly and voluntarily made. *Barker v. Wingo* (1972), 407 U.S. 514, 529, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101, 116. *Consistent with this principle, this court has found the statutory speedy trial provisions set forth in R.C. 2945.71 to be coextensive with constitutional speedy trial provisions*. State v. O'Brien (1987), 34 Ohio St.3d 7, 516 N.E.2d 218.

(Emphasis added). *State v. King*, 70 Ohio St.3d 158, 160 (1994).

**{¶13}** The First District relied on this statement to hold that a guilty plea waives a challenge to both statutory and constitutional challenges to speedy trial violations. *State v. Lawson,* 2025-Ohio-8118 (1st Dist.). The Sixth District agrees with this Court, and the First District has also held that a guilty plea waives both challenges. *See State v. Glanton,* 2020-Ohio-834 (6th Dist.). The Ninth District has joined the Eighth District, but relied on a case preceding the Ohio Supreme Court's decision in *King*. *State v. Williams,* 1994 WL 135309, *2 (9th Dist. Apr. 20, 1994).

**{¶14}** Based on the Ohio Supreme Court's pronouncement that it considers the statutory and constitutional cases to be "coextensive," we see no reason to revisit our own precedent, which the First and Sixth Districts have joined. As such, it is clear that Appellant has waived her right to challenge whether she was brought to trial within the constitutional speedy trial provisions by virtue of her guilty plea.

**{¶15}** Although this Court need not, then, address Appellant's *Barker* claims, even if we were to consider her arguments, they are without merit.

General Law

{¶16} Ohio recognizes both a constitutional and a statutory right to a speedy trial. *State v. King*, 70 Ohio St.3d 158, 161 (1994). The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defen[s]e.

{¶17} In addition, Ohio has adopted a statutory speedy trial right. R.C. 2945.73(B) provides: "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." "A person against whom a charge of felony is pending: . . . (2) Shall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). "For purposes of computing time . . . each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

{¶18} Review of a trial court's decision regarding a motion to dismiss based on a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. High*, 143 Ohio App.3d 232 (7th Dist. 2001), citing *State v. McDonald*, 1999 WL 476253 (7th Dist. June 30, 1999).

Case No. 25 BE 0009

**{¶19}** The trial court's findings of fact are given deference if supported by competent, credible evidence. *Id*. However, a reviewing court must independently review whether the trial court properly applied the law to the facts of the case. *Id*. Further, an appellate court must strictly construe the relevant statutes against the state. *Id*., citing *Brecksville v. Cook*, 75 Ohio St.3d. 53, 57 (1996).

**{¶20}** We recently thoroughly addressed the application of *Barker*:

> The issue arose when the state elected to try what it deemed to be the stronger case against the appellant's codefendant before attempting to try the appellant's much weaker case. *Id*. at 516. After the conclusion of codefendant's trial, a series of continuances, all requested by the state, delayed the appellant's trial for five years. The appellant was then subjected to two separate trials involving multiple victims, and ultimately convicted and sentenced to life in prison. *Id*. at 518.
>
> The *Barker* Court considered and declined to adopt several suggested bright line rules. The Court explained that there are troubling consequences for both parties and the public resulting from both a lengthy trial process and also from a hurried trial. More importantly, the court explained that "[w]e cannot definitively say how long is too long in a system where justice is supposed to be swift but deliberate." *Id*. at 521. With this in mind, the Court came to the conclusion that "[a] balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right.

Though some might express them in different ways, we identify four such factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id*. at 530.

*State v. McDaniel,* 2023-Ohio-3593, ¶ 27-28 (7th Dist.).

<u>Analysis</u>

**{¶21}** Turning to these four factors, in regard to the first, the length of delay, the *Barker* Court noted that it is "to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id*. at 530. The Court noted that "the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id*. at 530-531. "A delay becomes presumptively prejudicial as it approaches one year in length." *State v. Adams*, 2015-Ohio-3954, ¶ 90, citing *Doggett v. United States*, 505 U.S. 647, 652, (1992), fn. 1. This factor is viewed as a threshold issue.

**{¶22}** In relevant part, R.C. 2941.401 provides:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment

and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or the prisoner's counsel present, the court may grant any necessary or reasonable continuance.

**{¶23}** The purpose behind R.C. 2941.401 is to provide "an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." *State v. Larkin,* 2005-Ohio-3122, ¶ 17 (5th Dist.).

**{¶24}** The Second District has aptly explained the effect of R.C. 2941.401 in *State v. Nelson,* 2025-Ohio-2025 (2d Dist.):

When a person under indictment becomes imprisoned in Ohio on an unrelated offense, the general speedy trial statute ceases to govern and the 270-day speedy trial deadline for felonies is tolled. E.g., *Harris* at ¶ 14; *State v. Mize*, 2022-Ohio-3163, ¶ 33 (2d Dist.), citing *State v. Stewart*, 2006-Ohio-4164, ¶ 21 (2d Dist.). Instead, the provisions of R.C. 2941.401 control. *Id*.

. . .

Upon completion of the prison sentence, the general speedy trial statute again governs. E.g., *Harris* at ¶ 15; *Cleveland Hts. v. Coleman*, 2021-Ohio-846, ¶ 19-20 (8th Dist.); *State v. Clark*, 2008-Ohio-5208, ¶ 37 (12th Dist.); *State v. Beverly*, 2005-Ohio-4954 (4th Dist.).

*Id.* at ¶ 27, 29.

**{¶25}** Here, Appellant filed an "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaint" on August 28, 2023. This date begins the *Barker* time computation, not the date of Appellant's indictment. *See State v. Mavroudis,* 2003-Ohio-3289 (7th Dist.). In this case, with a commencement date of August 28, 2023, the 180-day period from Appellant's notice filing would end on February 24, 2024. However, certain tolling events must also be considered.

**{¶26}** The trial court found the existence of two tolling events. The first occurred after Appellant could not attend a video conference arraignment. While the court attributed the time to Appellant, it conceded that this delay was not directly Appellant's fault, and occurred "due to miscommunication with prison authorities." (5/28/24 J.E.) Ohio appellate courts have attributed arraignment delays to the defendant where he or she is the cause of the delay. While the state takes the stance that Appellant's own actions caused her incarceration, this completely dismisses the spirit of R.C. 2941.401, which provides incarcerated defendants with additional speedy trial protections. Regardless, we need not establish a bright-line rule as to the arraignment. Even if this time is attributed to the state, as we will discuss, Appellant still cannot show a speedy trial violation.

**{¶27}** As to the second claimed tolling event, the discovery request, Appellant filed her request on January 22, 2024. The state filed a reciprocal request two days later on January 24, 2024. Appellant failed to respond to the state's request. While Appellant now claims she had no discovery to provide, there is no evidence of record that this information was conveyed to the state, and the state appears to be unaware of this claim. Clearly, Appellant could have avoided attributable delay by simply informing the state that

she had no discovery to provide. Also, we note that on April 1, 2024, the state filed additional discovery. Thus, contrary to the arguments Appellant raises on appeal, discovery was not complete in January. Where the defense fails to respond to a reciprocal request for discovery filed by the state, the speedy trial time is tolled for thirty days. *State v. Cross,* 2023-Ohio-2286 (7th Dist.). There is nothing within the record to show the period tolled by the court was unreasonable. Thus, the speedy trial clock is tolled for thirty days due to discovery issues caused by Appellant.

**{¶28}** At this point in time, 147 days had run from the time of Appellant's request for disposition to the first tolling event, discovery. The clock began to run again after the thirty-day delay on February 22, 2024. Thirty-one days ran on the clock until the next tolling event, discussed below.

**{¶29}** Appellant filed a motion to dismiss on March 25, 2024. Importantly, Appellant requested additional time to brief the issue and to hold a hearing. Motions for dismissal on speedy trial grounds automatically toll the running of speedy trial time. *State v. Perry*, 2018-Ohio-3940, ¶ 20 (7th Dist.), citing *State v. Nottingham*, 2007-Ohio-3040 (7th Dist.). The time from filing the motion through the hearing is tolled as delay attributable to Appellant. Thus, tolling began on March 25, 2024 and ended after the hearing on May 13, 2024.

**{¶30}** Importantly, Appellant was released from her Jefferson County incarceration on May 8, 2023. This information is critical because "[o]nce an offender is released from the term of imprisonment even after initially invoking R.C. 2941.401, his statutory speedy trial rights are governed by R.C. 2945.71 and the extensions permitted under R.C. 2945.72." *Cleveland Hts. v. Coleman*, 2021-Ohio-846, ¶ 20 (8th Dist.). The date of her release ends the 180-day requirement and a typical speedy trial analysis

begins. Hence, any delay after her release does not count toward the R.C. 2941.401 analysis. See *State v. Beckett,* 2007-Ohio-3175 (7th Dist.).

**{¶31}** Because only 178 days had run before Appellant was released from incarceration, she cannot establish that the state failed to bring her to trial within the 180-day period. Consequently, the *Barker* analysis must end, here. While we have already determined that Appellant waived her speedy trial challenge as a result of her guilty plea, this record reflects she would not have been successful under a *Barker* analysis even if she had not entered a plea. Accordingly, Appellant's sole assignment of error is without merit and is overruled.

### Conclusion

**{¶32}** Appellant raises a constitutional challenge, arguing that she was not brought to trial in accordance with the speedy trial provisions. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Hanni, J. concurs.

[Cite as *State v. Gentile*, 2025-Ohio-3267.]

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**