[Cite as *State v. D'Alessandro*, 2025-Ohio-4734.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

SHAWN DALESSANDRO

    Appellant

C.A. Nos.     31098
                 31104

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 23 03 1018
                   CR 23 03 1021

DECISION AND JOURNAL ENTRY

Dated: October 15, 2025

---

FLAGG LANZINGER, Presiding Judge.

**{¶1}** Shawn D'Alessandro appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** This appeal involves two criminal cases, both of which originated in the Akron Municipal Court. On March 14, 2022, D'Alessandro was charged with one count of escape, a third-degree felony. On November 22, 2022, D'Alessandro was charged with one count of burglary, a second-degree felony. The record indicates that D'Alessandro was imprisoned at the Lorain Correctional Institution on other charges, and that he executed a "Notice of Untried Indictments, Information or Complaint and of Rights to Request Disposition" ("Request for Disposition") on March 3, 2023. The record indicates that the Akron Municipal Court received D'Alessandro's Request for Disposition on March 10, 2023.

{¶3} On March 29, 2023, the Summit County grand jury indicted D'Alessandro on one count of burglary, a second-degree felony. The grand jury also indicted D'Alessandro in a separate case with one count of escape, a fifth-degree felony. The following day, the Akron Municipal Court dismissed the escape and burglary cases due to the filing of direct indictments in the Summit County Court of Common Pleas.

{¶4} D'Alessandro initially pleaded not guilty in both criminal cases. After several continuances, most of which defense counsel requested, the trial court set a trial date of March 25, 2024.

{¶5} On the day of trial, D'Alessandro pleaded guilty to the charge of escape. D'Alessandro's counsel made an oral motion to dismiss the charge of burglary based upon an alleged violation of D'Alessandro's statutory right to a speedy trial. Specifically, defense counsel argued that the Akron Municipal Court received D'Alessandro's Request for Disposition on March 10, 2023, and that D'Alessandro was required to be tried within 180 days. Defense counsel confirmed that D'Alessandro was released from the Lorain Correctional Institution in July 2023, and that D'Alessandro had been in the Summit County Jail since that time.

{¶6} The State opposed defense counsel's motion to dismiss, arguing that the 180-day time limit under R.C. 2941.401 (i.e., the statute governing requests for disposition) no longer applied after D'Alessandro was released from the Lorain Correctional Institution on July 11, 2023. The State argued that the 270-day time limit under R.C. 2945.71 applied, and that the trial court should count the days as one-for-one because D'Alessandro was being held in jail on two separate cases. The State also noted that the trial court continued at least one prior trial date at defense counsel's request.

{¶7} The trial court denied defense counsel's motion to dismiss. D'Alessandro then pleaded no contest to the burglary charge to preserve his ability to appeal the trial court's denial of his motion to dismiss. The trial court accepted D'Alessandro's pleas, found him guilty, and sentenced him to a total of four to six years in prison.

{¶8} D'Alessandro then filed two appeals challenging the trial court's denial of his motion to dismiss. Upon the State's motion, this Court consolidated the appeals for purposes of briefs, oral argument, and decision. D'Alessandro has raised one assignment of error for this Court's review.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING MR. DALESSANDRO'S MOTION TO DISMISS FOR FAILURE TO BRING WITHIN THE SPEEDY TRIAL LIMITS.

{¶9} In his sole assignment of error, D'Alessandro argues that the trial court erred when it denied his motion to dismiss based upon a violation of his right to a speedy trial. For the following reasons, D'Alessandro's assignment of error is overruled.

{¶10} Initially, this Court notes that D'Alessandro has based his assignment of error solely on his statutory right to a speedy trial. This Court will limit its analysis accordingly. *Akron v. Ragsdale*, 2025-Ohio-1048, ¶ 10 (9th Dist.).

{¶11} "When reviewing an assignment of error raising a violation of a criminal defendant's right to a speedy trial, this court reviews questions of law de novo." *State v. Stoddard*, 2020-Ohio-893, ¶ 9 (9th Dist.), quoting *State v. Bennett*, 2003-Ohio-238, ¶ 5 (9th Dist.). "We must accept the factual findings of the trial court, however, 'if they are supported by some competent, credible evidence.'" *Stoddard* at ¶ 9, quoting *Bennett* at ¶ 5.

{¶12}  R.C. 2945.71(C)(2) provides that a person who is charged with a felony must be brought to trial within 270 days.  Notwithstanding R.C. 2945.71, if a criminal defendant is serving a prison term while an indictment for another offense is pending, the defendant must be tried within 180 days after the defendant "causes to be delivered" a request for disposition under R.C. 2941.401.  *State v. Johnson*, 2018-Ohio-2004, ¶ 36 (9th Dist.).  Specifically, R.C. 2941.401 provides:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter . . . .

"In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." *State v. Hairston*, 2004-Ohio-969, ¶ 25.

{¶13}  Relevantly, several appellate districts have acknowledged that if a defendant is released from prison after his or her request for disposition, then the 180-day time limit under R.C. 2941.401 no longer applies.  Instead, the time limits under R.C. 2945.71 apply.  *Cleveland Hts. v. Coleman*, 2021-Ohio-846, ¶ 11 (8th Dist.) ("[A]n offender who has been released from the term of imprisonment during the 180-day period is no longer in the class of persons covered by R.C. 2941.401.  In those situations, the offender's statutory speedy trial rights are protected through application of R.C. 2945.71 et seq."); *State v. Clark*, 2008-Ohio-5208, ¶ 37 (12th Dist.); *State v. Nelson*, 2025-Ohio-2025, ¶ 29 (2d Dist.); *State v. Gentile*, 2025-Ohio-3267, ¶ 24 (7th Dist.); *State v. Stansberry*, 2023-Ohio-3212, ¶ 14 (3d Dist.); *State v. Austin*, 2019-Ohio-686, ¶ 60 (5th Dist.);

*State v. Beverly*, 2005-Ohio-4954, ¶ 8 (4th Dist.). "An accused presents a prima facie case for discharge due to a speedy trial violation by demonstrating that his case was pending for a time exceeding the statutory limits . . . ." *State v. Brownlee*, 2015-Ohio-2616, ¶ 8 (9th Dist.), quoting *State v. Mitchell*, 2012-Ohio-2107, ¶ 17 (2d Dist.). "If the accused makes a prima facie showing, the burden then shifts to the State to show that a tolling event has extended the time for trial." *Brownlee* at ¶ 8.

{¶14} Here, D'Alessandro argued at the trial court that his right to a speedy trial under R.C. 2941.401 was violated because he was not brought to trial within 180 days of the Request for Disposition he executed on March 3, 2023. But the record reflects that D'Alessandro was released from prison in July 2023. At that time, the 180-day time limit under R.C. 2941.401 no longer applied. Instead, the 270-day time limit under R.C. 2945.71(C)(2) applied. *Coleman* at ¶ 11; *Clark* at ¶ 37; *Nelson* at ¶ 29; *Gentile* at ¶ 24; *Beverly* at ¶ 8; *Stansberry* at ¶ 14; *Austin* at ¶ 60. Yet D'Alessandro premised his entire argument before the trial court upon the 180-day time limit, not the 270-day time limit. Indeed, his counsel conceded at the hearing that he was "not disputing the out-of-time trial based on the 270 . . . ."

{¶15} D'Alessandro had the burden to present "a prima facie case for discharge due to a speedy trial violation by demonstrating that his case was pending for a time exceeding the statutory limits in R.C. 2945.71." *Brownlee* at ¶ 8, quoting *Mitchell* at ¶ 17. D'Alessandro failed to do so because he premised his argument on the 180-day time limit, not the 270-day time limit. As a result, the trial court did not err by denying D'Alessandro's motion to dismiss. Accordingly, D'Alessandro's assignment of error is overruled.

6

## III.

**{¶16}** D'Alessandro's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.